*In re* Application of KELLEY for Writ of *Habeas Corpus*.[1]

(*District Court, D. Minnesota.* November 7, 1885.)

1. EXTRADITION—BRITISH TREATY OF 1842—MINNESOTA STATUTE—EXAMINATION BEFORE UNITED STATES COMMISSIONER—RIGHT OF ACCUSED TO OFFER TESTIMONY.

On the examination of a party before a United States commissioner in the state of Minnesota, in extradition proceedings under the treaty of 1842 with Great Britain, he has the right to examine witnesses in his own behalf.

2. SAME—ACT OF CONGRESS OF 1848—WARRANT—AUTHORITY OF UNITED STATES COMMISSIONER.

The authority of the commissioner to issue the warrant under the treaty of 1842, and the act of congress of 1848, must appear upon the face of the writ.

On *Habeas Corpus.*

*H. Steenerson* and *J. W. Cathcart,* for petitioner.

*A. G. M. Spragge* and *C. A. Congdon,* for the British Government.

NELSON, J. The prisoner, Edward Kelley, was arrested under a warrant issued by Frank Ives, commissioner of the circuit court of the United States for the district of Minnesota, on complaint of a constable of the dominion of Canada for his extradition under the treaty of 1842 between the United States and Great Britain on the charge of murder; and after examination he was committed to the custody of the marshal of the United States for this district, to await the executive order for his surrender. He is now brought before me on a writ of *habeas corpus,* and the proceedings before the commissioner are sent up on a writ of *certiorari.* The complaint is in the following words:

"COMPLAINT.

"*United States of America, District of Minnesota—ss.:* Before me, Frank Ives, a commissioner of the circuit court of the United States in and for said district, personally comes John Lee Johnston, a constable of the dominion of Canada police, who, being sworn, on his oath says, on information and belief, that on or about the twenty-seventh day of November, 1884, at the neighborhood of Johnston's ranch, on the Columbia river, in the Kootaney district of British Columbia, in the dominion of Canada, one Edward Kelley did feloniously, and with malice aforethought, kill and murder one Robert McGregor Baird, whose residence was in Missoula, in the territory of Montana, in the United States of America. The said offense is contrary to the statutes of the dominion of Canada, and the complainant prays that the said Edward Kelley may be arrested and held for extradition, and be further dealt with according to law. JOHN L. JOHNSTON.

"Subscribed and sworn to before me this twenty-sixth day of September, A. D. 1885.

"FRANK IVES,

"Commissioner U. S. Circuit Court for the District of Minnesota."

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

And on this complaint the commissioner issued a warrant for Kelley's arrest, which was duly executed, and the prisoner brought before him. The warrant is in the following words:

"WARRANT.

"*The President of the United States of America to the Marshal of the United States for the District of Minnesota, and to his Deputies, or any or either of them:*

"Whereas, complaint on oath has been made to me, charging that Edward Kelley did, on or about the twenty-seventh day of November, in the year one thousand eight hundred and eighty-four, at the neighborhood of Johnston's ranch, on the Columbia river, in the Kootaney district of British Columbia, in the dominion of Canada, feloniously, and with malice aforethought, kill and murder one Robert McGregor Baird, contrary to the form of the statutes of the dominion of Canada:

"Now, therefore, you are hereby commanded, in the name of the president of the United States of America, to apprehend the said Edward Kelley, and bring his body forthwith before me at my office in St. Vincent, in said district, to answer the said complaint, and be dealt with according to law for said offense.

"Given under my hand and seal this twenty-sixth day of September, in the year of our Lord one thousand eight hundred and eighty-five.

"FRANK IVES, [Seal.]
"Commissioner of the Circuit Court of the United States for the District of Minnesota."

The regularity of the proceedings before the commissioner, and his jurisdiction, is attacked on the hearing, and many objections urged by the prisoner's counsel. I shall consider briefly two only: *First.* It appears from the proceedings sent up that at the close of the evidence for the prosecution the defendant called a witness in his behalf, and on objection interposed by the counsel for the prosecution it was sustained. This is alleged as a fatal error. The commissioner undoubtedly erred. The defendant should have been permitted to introduce evidence. The tenth article of the treaty of 1842 declares that the person charged with the crime of murder shall be delivered up, "provided that this shall only be done upon such evidence of criminality as, according to the laws of the place where the fugitive or person so charged shall be found, would justify his apprehension and commitment for trial if the crime or offense had there been committed." The examination in this case must be conducted according to the laws of the state of Minnesota, where the prisoner is arrested; and by section 13, p. 934, Young's St. Minn., it is enacted that, "after the testimony to support the prosecution is finished, the witnesses for the prisoner, if he has any, shall be sworn and examined." The commissioner failed to observe the mode of procedure designated by the laws of the state of Minnesota, and the prisoner's commitment is illegal. He is entitled to be discharged, unless the original warrant under which the arrest is made is sufficient to hold him for examination *de novo;* and this brings me to the other objection of the prisoner's counsel: *Second.* That the warrant under which the arrest

was made is void, for the reason that it does not show on its face that the commissioner is an officer authorized to act under the law of congress of August 12, 1848. This law is entitled "An act for giving effect to certain treaty stipulations between this and foreign governments for the apprehension and delivery up of certain criminals," and by its terms the commissioner must be authorized to act as a magistrate in extradition cases. I agree with Judge BLATCHFORD (*In re Ferez,* 7 Blatchf. 34) that the proceeding is special, instituted under the treaty and the act of congress of 1848, and the fact that the commissioner who issued the warrant is authorized so to do is jurisdictional, and must appear upon the face of the warrant. It does not so appear in this warrant, and in my judgment the prisoner cannot be legally held under it. He is therefore discharged.